RIVERA and wife, Appellants, v. MISERICORDIA HOSPITAL and another, Respondents.

*November 30, 1961—January 9, 1962.*

352

For the appellants there was a brief by *A. M. Chudnow* and *S. Raymond Spitz,* and oral argument by *Mr. Chudnow* and *Mr. James L. Walt,* all of Milwaukee.

For the respondents there was a brief by *Paulsen, Wake & Prosser,* attorneys, and *Jack R. Wiedabach* of counsel, all of Milwaukee, and oral argument by *Mr. Wiedabach.*

A brief *amicus curiae* was filed by *John W. Reynolds,* attorney general, *N. S. Heffernan,* deputy attorney general, and *Warren H. Resh,* assistant attorney general.

BROADFOOT, C. J. The trial court took judicial notice of the incorporation records in the office of the secretary of state and of the copy of the articles of incorporation of the defendant hospital recorded in the office of the register of deeds for Milwaukee county, and concluded therefrom that the defendant hospital was a nonprofit corporation organized for charitable purposes.

Since the alleged negligence occurred prior to January 10, 1961, the date of the decision in *Kojis v. Doctors Hospital,* 12 Wis. (2d) 367, 107 N. W. (2d) 131, 107 N. W. (2d) 292, if in fact the defendant hospital is a true nonprofit charitable organization, the trial court would be correct. However, the fact that the articles and by-laws of a corporation declare the same to be a nonprofit charitable organization is not conclusive. *Riverview Hospital v. Tomahawk* (1943), 243 Wis. 581, 11 N. W. (2d) 188; *Bethel Convalescent Home v. Richfield,* ante, p. 1, 111 N. W. (2d) 913.

The allegations in the complaint with reference to the incorporation of the defendant hospital are in general terms, and, liberally construed, could refer to a hospital operated for profit. If the defendant hospital wishes to raise the affirmative defense that it is a charitable institution and is entitled to immunity in an action for negligence it should do so by answer to the complaint.

If the defendant hospital is entitled to immunity from suit because it is able to prove that it is a nonprofit charitable organization in fact, that does not grant the same immunity to an individual employee. *Bachman v. Young Women's Christian Asso.* (1922), 179 Wis. 178, 191 N. W. 751.

The allegations of negligence as to the individual defendant are stated in very general terms and are somewhat ambiguous. However, upon demurrer those allegations must be given a liberal construction and interpretation, and they are sufficient as against the general demurrer.

Whether or not the individual defendant owed a duty to the patient brought to the hospital and whether or not she was negligent are questions that will have to be determined from facts that may be introduced upon a trial. Therefore, the demurrer should have been overruled and the defendants permitted to answer.

*By the Court.*—Order reversed.

GORDON, J., took no part.